UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JAMES WEHRLIN, JR.** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 20-3290** |
| | * | |
| **JAMES RIVER INSURANCE COMPANY** | * | **SECTION "L" (5)** |
| | * | |

**ORDER AND REASONS**

Before the Court is Plaintiff James Wehrlin, Jr.'s Motion to Remand, R. Doc. 7. Defendant James River Insurance Company opposes this Motion, R. Doc. 9.

### I. BACKGROUND

This case arises from a September 25, 2018[1] automobile accident. R. Doc. 1 at 1. Plaintiff filed suit against Defendant for uninsured/underinsured motorist ("UM") coverage. *Id.* at 2. Plaintiff asserts that he was operating his vehicle on Interstate 10 in New Orleans, Louisiana, when a Ford Ranger operated by Andrew Homberg collided with the rear of Plaintiff's car. R. Doc. 1-1 at 1. Plaintiff alleges the automobile accident was caused by Homberg's negligence. *Id.* Plaintiff asserts that Mr. Homberg's insurance was insufficient to compensate Plaintiff for his injuries, rendering Mr. Homberg an underinsured motorist under Louisiana law. *Id.* Plaintiff asserts that at the time of the accident, Plaintiff was operating in the course and scope of his employment with Rasier, L.L.C. d/b/a Uber ("Rasier"), and was therefore covered by an underinsured motorist

---

[1] The Court notes discrepancies in the record with regards to the date of the accident from which this action arises. In his original Petition filed in Civil District Court of the Parish of Orleans, Plaintiff claimed that the accident occurred on September 25, 2019. This date was noted by Defendant in its notice of removal. R. Docs. 1-1 at 1; 1 at 1. In his Motion to Remand, Plaintiff stated the accident occurred on September 25, 2018. R. Doc. 7 at 1. This September 25, 2018 date is supported in a motor vehicle accident report and billing statement from Plaintiff's medical provider. R. Docs. 1-2 at 2, 4, and 25. Based on the record, the Court concludes the accident occurred on September 25, 2018.

policy issued by James River Insurance Company ("James River") at the time of the incident. *Id.* at 2.

On September 21, 2020, Plaintiff filed this lawsuit against James River in the Civil District Court for the Parish of Orleans. *Id.* at 1. On November 24, 2020, Plaintiff sent Defendant an initial settlement demand of $95,000. *Id.* at 3; 7-6. On December 2, 2020, Defendant removed the action in accordance with 28 U.S.C. § 1446 and § 1332(a). *Id.* at 3. Plaintiff is domiciled in Louisiana, and Defendant is an Ohio corporation with its principal place of business in Virginia. R. Doc. 1 at 2. Defendant asserts the amount in controversy is in excess of $75,000 due to Plaintiff's initial settlement demand of $95,000. *Id.* at 3.

## II.     PRESENT MOTION

Here, Plaintiff seeks to remand the present action to the Civil District Court, alleging that removal was untimely under 28 U.S.C. § 1446. R. Doc. 7 at 1-3. Plaintiff argues that this case has been removable since its September 21, 2020 filing, so James River's removal on December 2, 2020 was outside the thirty-day deadline under § 1446(b). *Id.* at 2. Plaintiff asserts that Defendant sought to circumvent this time limit by soliciting a settlement demand from Plaintiff in bad faith. R. Doc. 7-3 at 4. Plaintiff argues that the Petition clearly states that the jury demand satisfies Louisiana Code of Civil Procedure Art. 893, thereby putting Defendant on notice that the amount in controversy is over $50,000. *Id.* Further, Plaintiff points out that it did not file a stipulation that damages demanded were under the $75,000 threshold, which he claims is customarily done to avoid removal to federal court. *Id.* Plaintiff asserts that at the very latest, Defendant's deadline for removal was October 22, 2020, which is thirty days from when the Petition was formally served on James River. *Id.* at 3.

In opposition, Defendant argues that removal was proper under 28 U.S.C. § 1446(b) since it removed this case within thirty days of ascertaining that the case was removable. R. Doc. 9 at 1. Defendant asserts that the time limit under 28 U.S.C. § 1446(b)(1) is triggered only if the "pleading affirmatively on its face" asserts damages in "excess of the minimum jurisdictional amount of the federal court." *Id.* at 2 (citing *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 210 (5th Cir. 2002)). The Defendant avers that a complaint cannot be a triggering document for purposes of the thirty-day deadline if it does not have a "specific allegation that damages are in excess of the federal jurisdictional amount." *Id.* (citing *Bosky*, 288 F.3d 208 at 210). Defendant further argues that Plaintiff's Complaint does not include specific damages or injuries which would make removability facially apparent. *Id.* at 3. Defendant asserts that it first became aware of removability around November 25, 2020, when it received Plaintiff's settlement demand of $95,000 and Plaintiff's medical documents detailing Plaintiff's treatment. *Id.* at 5.

### III.   APPLICABLE LAW

"Federal courts are courts of limited jurisdiction." *Transitional Hosps. Corp. of La. v. Am. Postal Workers Union Health Plan*, No. 09-6245, 2010 WL 187388, at *4 (E.D. La. Jan. 13, 2010); *see also Howery v. Allstate Insurance Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "When a case is removed from state court, the removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Transitional Hospitals, Corp. of La*, 2010 WL 187388, at *5. 28 U.S.C. § 1441(a) permits a defendant to seek removal to a United States district court for the district and division where the state law claim is pending. 28 U.S.C. § 1441(a). If an action is removable solely on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a), it may not be removed if "any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Moreover, it must be "facially

apparent" from the original petition that the amount in controversy exceeds $75,000. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

28 U.S.C. § 1446(b)(3) allows Defendants to remove a case to federal court within thirty days of receiving notice that a case "is or has become removable." 28 U.S.C. § 1446 (b)(3). Further, "if a case 'on its face' is not removable, a defendant has thirty days from the receipt of an amended pleading, motion or other paper demonstrating that the case has become removable to remove the case to federal court." *Cox v. United Parcel Serv., Inc.*, No. 99-CV-2045, 2000 WL 28176, at *2 (E.D. La. Jan. 12, 2000) (citing 28 U.S.C. § 1446(b)). The Fifth Circuit has held that the words "amended pleading," "motion," "order," and "other paper," "clearly refer to actions normally and logically occurring after the filing of the initial pleading." *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 164 (5th Cir. 1992). A party may attempt to remand a case at any time due to lack of subject matter jurisdiction, or within thirty days of the notice of removal when there are other defects, such as untimeliness. 28 U.S.C. § 1447(c).

Louisiana law prohibits plaintiffs from naming an exact amount of monetary damages in their petitions and prayers for relief. La. Code Civ. Proc. Art. 893. Article 893 of the Louisiana Code of Civil Procedure instead allows plaintiffs to indicate that the amount in controversy meets jurisdictional requirements, gives plaintiff the right to a jury trial, or is insufficient for federal jurisdiction. La. Code Civ. Proc. Art. 893. La. Code Civ. Proc. Art. 893 states the following:

> No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand. The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary **to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required**. By interrogatory, an opposing party may seek specification of the amount sought as damages, and the response may thereafter be supplemented as appropriate.

4

*Id.* Emphasis added. To avoid removal, a plaintiff is required to show with legal certainty that his or her claim is below the federal jurisdictional requirement. *See Mitchell v. Amica Mut. Ins. Co.*, CV 14-2766, 2015 WL 9488457, at *5 (E.D. La. Dec. 30, 2015). This may be demonstrated by executing an irrevocable binding stipulation stating that the amount in controversy is less than $75,000. *Id.* at *2. Conversely, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Gebbia*, 233 F.3d 880 at 882. The Middle District of Louisiana held that the failure to include a binding stipulation that the $75,000 threshold is not met "is insufficient, without more, to support a finding that the amount in controversy is facially apparent." *Edwards v. Walmart Louisiana, LLC*, CV 20-669-JWD-RLB, 2020 WL 7961648, at *4 (M.D. La. Dec. 9, 2020), *report and recommendation adopted*, CV 20-669-JWD-RLB, 2021 WL 41072 (M.D. La. Jan. 5, 2021); *see also, Lowe v. State Farm Fire & Cas. Co.*, No. 07-7454, 2008 WL 906311, at *2 (E.D. La. Apr. 2, 2008) ("Plaintiffs' failure to [submit a pre-removal binding stipulation] does not relieve the removing party of its burden to establish that the jurisdictional minimum is satisfied.").

## IV.   DISCUSSION

In accordance with Louisiana Civil Code of Procedure Art. 893, Plaintiff's Petition states that the amount demanded satisfies the threshold for jury trials in Louisiana, which is $50,000. R. Doc. 1-1 at 2. The Petition overall is very brief and does not allege specific injuries. *Id.* at 1-3. Further, the Petition does not state that there is a "lack of jurisdiction of federal courts due to an insufficiency of damages," or demonstrate with legal certainty that the amount in controversy is under $75,000. *Id.* However, the absence or omission of such a showing does not mean that the amount is *above* $75,000. *See Edwards,* 2020 WL 7961648, at *4; *Lowe*, 2008 WL 906311, at *2. Therefore, the Court concludes that at the time of filing this case, it was not facially apparent that

the amount in controversy exceeded $75,000—only that it was $50,000 or more. The amount in controversy became apparent when Defendant received Plaintiff's settlement demand of $95,000 on November 24, 2020. R. Doc. 7-6. Based on this development, the Court concludes that Defendant removed this case in a timely fashion.

V.   **CONCLUSION**

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, R. Doc. 7, is **DENIED.**

New Orleans, Louisiana, this 22nd day of March 2021.

_____
Judge Eldon E. Fallon